SAM KIRKMAN. The (McALLISTER v.). See Case No. 8,658.

## Case No. 12,277.

### SAMPAYO v. SALTER.

[1 Mason, 43.][1]

Circuit Court, D. New Hampshire. May, 1816.

PRIZE — CAPTURE OF VESSEL — RESTORATION AND SALE OF CARGO—FREIGHT.

Where a vessel has been captured on her voyage, and condemned at an intermediate port, and a part of the cargo has been restored and sold at the same port, no freight is due for the cargo so restored.

[Cited in Bork v. Norton, Case No. 1,659; Weston v. Minot, Id. 17,453.]

Assumpsit for money had and received. The cause was tried upon the general issue, when it appeared that the plaintiff [H. T. Sampayo], in 1812, after the declaration of war, shipped on board of the American vessel called the Dolphin, commanded by the defendant [John Salter] fifteen hundred barrels of flour, to be carried from Baltimore, where the vessel then was, to Lisbon. On the voyage, the vessel was captured by the British, carried into Bermuda, and there, together with all the cargo, except that shipped by the plaintiff, condemned as enemy's property. The plaintiff being a neutral subject, resident at Lisbon, obtained a restoration of his shipment, which was thereupon sold by the defendant at Bermuda; and the present action was brought to recover the sum of $4,478.72, the balance of the proceeds of the sale, which the defendant held in his hands, claiming a right to deduct therefrom the stipulated freight for the voyage to Lisbon, or at all events a pro ratâ freight.

E. Cutts, for plaintiff.
W. M. Richardson, for defendant.

STORY, Circuit Justice. There is no pretence for the claim of freight in this case. The freight for the whole voyage cannot be due, for it was never performed, and was defeated by the capture. As to a pro ratâ freight, the claim is as little supported. The doctrine upon this subject in Luke v. Lyde, 2 Burrows, S. 82, and other subsequent cases, rests upon the ground, that there is a voluntary receipt of the goods at an intermediate port of the voyage, and an agreement to dispense with the party's transporting them farther. But it never has been supposed, that a pro ratâ freight was due, when by a capture the party has been incapable of performing the voyage, and the shipper has been compelled to receive his goods at the hands of the admiralty.

The plaintiff is, therefore, entitled to a verdict for the whole sum in controversy.

Verdict for the plaintiff.

Same point in Caze v. Baltimore Ins. Co., 7 Cranch [11 U. S.] 358.